PAUL DAVID MAROTTA (State Bar No. 111812)
MEGAN JEANNE (State Bar No. 251294)
THE CORPORATE LAW GROUP
1342 ROLLINS ROAD
BURLINGAME, CA 94010
Telephone:    (650) 227-8000
Facsimile:    (650) 227-8001
paul@tclg.com
megan@tclg.com

Attorneys for Plaintiff
MENTOR CAPITAL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENTOR CAPITAL, INC., <br><br> Plaintiff. <br><br> v. <br><br> BHANG CHOCOLATE COMPANY, INC., a Nevada corporation, BHANG CORPORATION, a Nevada corporation, SCOTT VAN RIXEL, an individual, RICHARD SELLERS, an individual, and WILLIAM WAGGONER, an individual, <br><br> Defendants. | Civil Action No. 3:14-cv-3630 |

**COMPLAINT**

NATURE OF THE ACTION

1. This is an action for monetary damages based on rescission of an agreement entitled Bhang Chocolate – Mentor Capital Cannabis Brands Cooperative Funding Agreement entered into by and between Bhang Chocolate Company, Inc. ("Bhang") and Mentor Capital, Inc. (the "Agreement"), which anticipated Scott Van Rixel, Richard Sellers, William Waggoner, and other affiliates of Bhang as intended third party beneficiaries.

2. The Defendants, and each of them, have failed and refused to perform, and continue to fail and refuse to perform, their obligations under the Agreement, and have repudiated all of their

**COMPLAINT FOR RESCISSION**

obligations under the Agreement, stating that the stock that Defendants, and each of them, were obligated to issue under the Agreement has not been issued to Plaintiff and will never be issued to Plaintiff, and that Plaintiff is not an owner of any interest in Bhang.

3. On August 11, 2014 Mentor Capital, Inc. ("Plaintiff") rescinded the Agreement.

## THE PARTIES

4. Plaintiff Mentor Capital, Inc. is a corporation duly organized and existing under the laws of the State of California having a principal place of business at 511 Fourteenth Street, Apt. A-2, Ramona, San Diego County, California 92065.

5. Defendant Bhang Chocolate Company, Inc. (and its successors) is a corporation duly organized and existing under the laws of the State of Nevada having a principal place of business at 6815 Biscayne Blvd., #103, Miami, Miami-Dade County, Florida 33138.

6. Defendant Bhang Corporation (and its predecessors) is a corporation duly organized and existing under the laws of the State of Nevada having a principal place of business at 6815 Biscayne Blvd., #103, Miami, Miami-Dade County, Florida 33138.

7. Defendant Bhang Chocolate Company, Inc. and Defendant Bhang Corporation may be the same Nevada corporation which amended its Articles to change its name.

8. Defendant Scott Van Rixel is an individual whom the Plaintiff is informed and believes and thereon alleges has his principal residence at 9920 Collins Avenue, Miami, Miami-Dade County, Florida 33154, with a mailing address of 6815 Biscayne Boulevard, Suite 103, Miami, Florida 33138.

9. Defendant Richard Sellers is an individual whom the Plaintiff is informed and believes and thereon alleges has his principal residence at 5830 Starboard Drive, Discovery Bay, Contra Costa County, California 94505, with a mailing address of 1647 Willow Pass Road, #134, Concord, California 94520.

10. Defendant William Waggoner is an individual whom the Plaintiff is informed and believes and thereon alleges, has his principal residence at 1117 South Luna Circle North, Santa Fe, Sante Fe County, New Mexico 87501 with a mailing address of 529 West San Francisco Street, Santa Fe, New Mexico 87501.

**COMPLAINT FOR RESCISSION**

11. Plaintiff may not know the true names or capacities, whether individual, corporate, associate, or otherwise of other persons responsible for the actions alleged herein. Plaintiff will seek leave to amend this Complaint when their true names and capacities have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each Defendant was, and is, the agent, affiliate, servant, alter ego, joint venturer, employer, principal, and/or employee of each of the other Defendants, and that all of the things alleged to have been done by each of such Defendants were done in the capacity of, and as the agents of, the other Defendants, as well as on their own behalf and for their own personal gain.

13. Plaintiff is informed and believes and thereon alleges that each and every Defendant has received and retained funds invested by Plaintiff, that Defendants and each of them are hiding funds in an attempt to avoid repayment of such funds to Plaintiff, and that one or more constructive trusts and attachment orders may be necessary in order for Plaintiff to be made whole.

14. Each of Defendants Van Rixel, Sellers, and Waggoner is the alter ego of Defendant Bhang. Plaintiff is informed and believes and thereon alleges that the money invested by Plaintiff into Bhang was paid out to the Defendants, and each of them, that Defendants, and each of them, regularly and freely transfer money back and forth among them, and that there is a strong community of interest among the Defendants such that the separate personalities of the Defendants no longer exist.

15. Plaintiff is informed and believes and thereon alleges that Defendants control dozens of entities, formed in several different states, and that they use these entities to shield and hide assets and funds, regularly commingling funds.

16. Plaintiff is informed and believes and thereon alleges that the entity Defendants, both named and unnamed here, have failed to keep corporate formalities, are undercapitalized not counting Plaintiff's investment, and are mere shells and instrumentalities to conduct a single venture.

17. Plaintiff is informed and believes and thereon alleges that Defendants carry an asset entry on their financial statements titled "far and away," that this entry shows that Defendants, and each of them, hide money in purportedly inaccessible places, and that this is where Defendants are

**COMPLAINT FOR RESCISSION**

hiding the money invested by Plaintiff.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have secret emergency caches of money, hide money in inaccessible places, complete certain transactions outside the United States using precious metals, and hold cashier's and bank checks as a non-reportable savings account, among other artifices.

19. If Plaintiff is not entitled to seek damages from Defendants, and each of them, then an injustice will result in that Defendants will succeed in fraudulently keeping Plaintiff's investment, while providing no consideration under the Agreement, and while hiding the money that Defendants received in a virtual shell game.

## JURISDICTION

20. Jurisdiction is proper in this Court under 28 U.S. Code §1332 because Plaintiff and Defendants Bhang, Van Rixel and Waggoner are citizens of different states and the amount in controversy here is in excess of $75,000 exclusive of interest and costs.

## VENUE

21. Venue is proper in this Court under 28 U.S. Code §1391 because Defendant Sellers is resident in this judicial district and is subject to the Court's personal jurisdiction with respect to this action.

## APPLICABLE LAW

22. The Agreement calls for application of California law.

23. Since grounds exist to revoke the Agreement and pursuant to *Sauter v. Superior Court (Logan and Associates, real parties in interest)*, 23 Cal.App. 3d 25 (1969) the arbitration provision in the Agreement is not valid or enforceable.

24. Despite grounds existing to revoke the Agreement, Plaintiff is entitled to attorneys' fees pursuant to *Care Construction v. Century Convalescent Centers, Inc.,* 54 Cal.App. 3d 701 (1976) and based on reciprocity under California Civil Code Section 1717.

## STATEMENT OF THE FACTS

25. On or about February 28, 2014 Bhang and Plaintiff entered into the Agreement.

26. Subsequent to entering in to the Agreement Defendants, and each of them, refused

- 4 -
**COMPLAINT FOR RESCISSION**

to perform their obligations under the Agreement and informed Plaintiff that they intended to never perform their obligations under the Agreement.

### COUNT I

### (Rescission)

27. Plaintiff realleges and incorporates herein by this reference the preceding paragraphs of this Complaint as though fully set forth herein.

28. The refusal by Defendants, and each of them, to perform their obligations under the Agreement amounted to a failure of consideration.

29. On August 11, 2014, Plaintiff, through its counsel, rescinded the Agreement and demanded that Defendants, and each of them, return the $1.5 million they received from Plaintiff.

30. Plaintiff informed Defendants, and each of them, that if they believed that there was any consideration Plaintiff had retained under the Agreement, Plaintiff would return such consideration.

31. Defendants, and each of them, have failed to return the $1.5 million they received from Plaintiff.

32. The actions of Defendants, and each of them, have proximately caused damage to Plaintiff and such damage is continuing.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that judgment be entered by this Court in its favor and against Defendants, and each of them, as follows:

1. For an order that Defendants, and each of them, pay to Plaintiff the $1.5 million Defendants received and retained.

2. For an order that Defendants, and each of them, pay to Plaintiff the maximum legal rate of interest on the $1.5 million Defendants received from the date they received such amount.

3. For such other monetary damages due to Plaintiff from Defendants, and each of them, according to proof.

4. For reasonable attorneys' fees pursuant to the Agreement.

5. For all costs of suit incurred herein; and,

**COMPLAINT FOR RESCISSION**

6. For such other and further relief as the Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury of all claims or issues so triable.

                                  Respectfully submitted,

                                  MENTOR CAPITAL, INC.

                                  By Its Attorneys,

Dated: August 11, 2014          THE CORPORATE LAW GROUP

                         By:   <u>/Paul David Marotta/</u>_____
                                  Paul David Marotta

**COMPLAINT FOR RESCISSION**