PAUL DAVID MAROTTA (State Bar No. 111812)
MEGAN JEANNE (State Bar No. 251294)
THE CORPORATE LAW GROUP
1342 ROLLINS ROAD
BURLINGAME, CA 94010
Telephone:     (650) 227-8000
Facsimile:     (650) 227-8001
paul@tclg.com
megan@tclg.com

Attorneys for Plaintiff
MENTOR CAPITAL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENTOR CAPITAL, INC., | Civil Action No. 3:14-cv-03630-LB |
| Plaintiff. | **[PROPOSED] ORDER** |
| v. | Date:          August 10, 2017<br>Time:          9:30 a.m.<br>Courtroom:   C |
| BHANG CHOCOLATE COMPANY, INC., a Nevada corporation and BHANG CORPORATION, a Nevada corporation, | |
| Defendants. | |

Plaintiff's motion to appoint receiver came on regularly for hearing on August 10, 2017 in the above-captioned court. Paul David Marotta and Megan Jeanne of The Corporate Law Group appeared as attorneys for the Plaintiff. Jaime Bianca Herren appeared as attorneys for the Defendant. Following review of the moving and opposing papers, the records and files in this matter, and such other evidence and argument as the court deems proper:

IT IS ORDERED that Plaintiff's motion to appoint a post-judgment receiver and for a preliminary injunction in aid of receivership be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Kevin Singer of Receivership Specialists is hereby APPOINTED as receiver (the "Receiver") to take possession, custody and control of Defendant Bhang Corporation (formerly known as Bhang Chocolate Company; the "Company" or the

"Receivership Estate") for the purposes of maintaining, managing and operating the Company for the benefit of the Company, and Plaintiff Mentor Capital.

IT IS FURTHER ORDERED that the Receiver may manage, preserve, protect and secure the Receivership Estate, in accordance with the following terms and conditions:

1.     Before entering into his duties, the Receiver shall execute a Receiver's oath and file a bond with this court, from a surety acceptable to this court, in the amount of $10,000, conditioned upon the faithful performance of the Receiver's duties.  Upon filing of the bond and oath, the Receiver shall be vested with all the powers and responsibilities of a receiver as specifically set forth herein.

2.     Powers of Receiver:  After so qualifying, the Receiver shall have the power and obligation to do the following:

(a)     Collection of Income and Profits:  The Receiver shall be vested with the authority to collect any and all license fees, royalties, income and profits of the Company.  The Receiver shall also be vested with the authority to demand, collect and receive such other income and proceeds with respect to the Company and its assets, and account for all sums received under order of this court.

(b)     Acquire Books and Records of the Company:  The Receiver shall immediately acquire from Defendant, all keys, all books and records, books of account, ledgers, operating statement, budgets, all banking records, wherever located, applicable to the Company, all license and other agreements (confirmed or in progress), leasehold interests, and all documents, records and accounts pertaining to the operation of the Company, which shall include, but not be limited to, all information contained on computers and any and all software relating thereto.

(c)     Acquire Documents Relating to the Company:  Defendant shall immediately provide to the Receiver all documentation pertaining to properties, assets, intellectual property, expenses, banking, and debts pertaining to the Company.

(d)     Sell the Company and or its Assets:  The Receiver shall have the authority to sell the Company and its assets and property. The Receiver shall have the authority to market the Company and its assets in any manner that in his discretion, and in consultation with

1   Plaintiff, will garner the highest price for the Company and to incur and receive reimbursement for

2   his costs for doing so from the proceeds of the sale of the Company or any of its assets.

3              (e)      Other Acts Requiring Court Approval:   The Receiver may also

4   perform such acts as may be further ordered by this court.

5              3.      Receiver's Hourly Rate:  The Court hereby approves hourly rates of $275 per

6   hour, plus expenses for the services of Kevin Singer as Receiver.  The Receiver is authorized to pay

7   ordinary and necessary expenses associated with operating and managing the Company.   The

8   Receiver is further authorized to pay additional expenses which were necessarily incurred by him

9   each month.

10             4.      Receiver's Employment of Others:   The Receiver is also authorized to

11  employ other firms or individuals to aid him in his duties managing the Company.

12             5.      Expenses Prior to Receivership's Possession:   The Receiver shall not be

13  responsible for payment of any bills, payroll, expenses or other unpaid invoices for services or

14  utilities incurred by, or for the benefit of, Defendant or the Receivership Estate prior to the

15  Receiver taking possession of the Receivership Estate.

16             6.      Bank Accounts:  The Receiver shall have the power to take control of and

17  acquire all funds from any existing bank accounts held by the Company or the Receivership Estate.

18  The Receiver shall have the power to open new bank accounts or other financial instruments or

19  accounts as necessary with an FDIC insured institution, which are not parties to this case, in any

20  state or domain for the administration of the Receivership Estate.   Monies coming into the

21  possession of the Receiver and not expended for any purposes herein authorized shall be held by

22  the Receiver.

23             7.      Order of Disbursement of Revenues:  The Receiver shall apply and disburse

24  the revenues collected as follows, and in the following order:

25             (a)      Ordinary and Necessary Expenses of Operating and Managing the

26  Company:   Any and all expenses ordinarily incurred in the operation or management of the

27  Company, such as, without limitation:  Product manufacturing, printing, payroll, taxes, insurance,

28  utilities, rent, and other necessary or advisable expenses.

1      (b)      Receiver's Hourly Fees:  Hourly fees incurred by the Receiver.

2      (c)      Receiver's Necessary Expenses:   Costs and expenses necessarily

3  incurred by the Receiver in the fulfillment of duties as hereinabove provided.

4      (d)      Disbursement of Proceeds Upon Sale:  Upon the sale of the Company

5  or any of the Company's assets, the Receiver shall disburse, or if appropriate, instruct escrow to

6  distribute all net funds resulting from said sale(s) in the following order:

7      (i)      First, to the payment of all fees and expenses incurred by the

8  Receiver and its professionals in managing the Receivership Estate;

9      (ii)      Second, to the expenses of administering the receivership;

10      (iii)      Third, to Plaintiff to satisfy the Judgment entered in this case.

11      (e)      Other Costs:   All expenses reasonably necessary to preserve and

12  protect the Company.

13      8.      Monies Not Expended:   All monies coming into the possession of the

14  Receiver and not expended for any of the purposes authorized above shall be held by the Receiver

15  in his trust account pending further order of this Court.

16      9.      Parties' Right of Inspection:  Plaintiff, and its officers, employees and agents

17  shall have access, upon one week notice, to inspect the Receivership Estate and the monies (upon

18  reasonable advance notice to the Receiver) to enable them to review the same from time to time

19  during the pendency of this Receivership.

20      10.      Termination of Receivership:  Discharge of the Receiver shall require a court

21  order after a properly noticed motion approving the Receiver's Final Report and Account and any

22  exoneration of the Receiver's bond.

23      IT IS FURTHER ORDERED that the Receiver and any of the parties may at any time,

24  apply to this Court for further or other instructions or orders and for further powers necessary to

25  enable the Receiver to perform the Receiver's duties properly on either an ex-parte basis or via

26  noticed application or motion on regular or shortened time.

27      IT IS FURTHER ORDERED that no individual or entity may sue the Receiver without first

28  obtaining permission of the court.

1    IT IS FURTHER ORDERED that Defendant and all persons acting under, in concert with,

2    or for it shall do the following:

3    1.    Provide Books and Records of the Company:  Defendant shall provide to the

4    Receiver in a prompt and timely manner:  The Company and all keys, all books and records, books

5    of account, ledgers, operating statement, budgets, distribution records, all banking records, all

6    licensing and other agreements, records relating to manufacturing, distribution, and printing

7    activities, and all documents, records and accounts pertaining to the operation of the Company,

8    which shall include, but not be limited to, all information contained on computers and any and all

9    software relating thereto.

10    2.    Verification:  Within ten (10) calendar days of the date that this Order is

11    served on Defendant, Defendant shall serve on the Receiver written verification of the source of all

12    license fees, royalties, revenue and other monies being turned over as required by this Order.

13    3.    Act in Accordance With This Order:  Defendant shall cooperate in carrying

14    out the terms of the Court's Order as described herein.

15    4.    Order Not to Commit Waste or Interfere With Receiver's Duties Under This

16    Order:  Defendant and all other persons acting in concert with it who has actual or constructive

17    knowledge of this Order, shall not, without prior Court authorization:

18    (a)    Commit or permit any waste of the assets or any part thereof, or

19    suffer or commit or permit any act or any part thereof in violation of law, or remove, transfer,

20    encumber or otherwise dispose of any of the Receivership Estate or any part thereof;

21    (b)    Demand, collect, receive, discount or in any other way divert or use

22    any of the assets, monies, accounts receivable, or intellectual property of the Company;

23    (c)    Directly or indirectly interfere in any manner with the discharge of

24    the Receiver's duties under this Order;

25    (d)    Expend, disburse, transfer, assign, sell, convey, devise, pledge,

26    mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or

27    dispose of the whole or any part of the assets of the Company or the Receivership Estate without

28    prior Court Order;

1    (e)    Terminate or otherwise affect any of the license agreements or other

2    business or contractual relationships of the Company or the Receivership Estate prior the Receiver's

3    appointment;

4    (f)    Accelerate the due date of any obligation or claimed obligation,

5    enforcing any lien upon, or taking or attempting to take possession of, or obtaining possession of,

6    the Company or the Receivership Estate, including, without any limitation, the establishment,

7    granting or perfection of any security interest, without prior Court order;

8    (g)    Do any act which will, or would tend to, materially impair, defeat,

9    divert, prevent or prejudice the preservation of any Company assets or the Receivership Estate.

10    IT IS FURTHER ORDERED that Defendant and its Respective agents, servants,

11    employees, assignees, successors, representatives, attorneys, and all persons acting under their

12    direction or on their behalf, are restrained and enjoined from violating the terms of this Order

13    without obtaining prior authorization from the court.

14    **Dated:  August ___, 2017**

15

16    _____

17    **LAUREL BEELER**
      **United States Magistrate Judge**

18

19

20

21

22

23

24

25

26

27

28

- 6 -

1
2

## CERTIFICATE OF SERVICE

3

        I am a citizen of the United States.  My business address is 1342 Rollins Road, Burlingame,
4     CA 94010.  I am employed in the County of San Mateo, from which this service occurred.  I am
      over the age of 18 years, and am not a party to the above-captioned action.  On the date below I
5     served the following documents:

6

        **[PROPOSED] ORDER**

7

        On the following person(s) in this action by:

8

        [X]     E-SERVICE by filing the document listed above with the courts ECF service such
                that all attorneys of record received Notice of Electronic Filing from the court clerk
9               as follows:

10              Jaime Bianca Herren     jherren@doylelow.com, mlow@doylelow.com

11

        I declare under penalty of perjury under the laws of the United States and State of California
12    that the above is true and correct.  Executed on June 30, 2017 at Burlingame, California.

13

                                                /s/ Megan Jeanne_____
14                                              Megan Jeanne

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE – 3:14-cv-03630-LB**