United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MENTOR CAPITAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BHANG CHOCOLATE COMPANY, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-03630-LB<br><br>**ORDER DENYING RECEIVERSHIP**<br><br>Re: ECF No. 57 |

## INTRODUCTION

Plaintiff Mentor Capital, Inc. is trying to collect on a judgment against defendant Bhang Chocolate Company, Inc. This court confirmed an arbitral award between the parties and entered a Rule 58 judgment in December 2016.[1] Under that award, Bhang was to pay Mentor a principal sum of $1.5 million plus fixed amounts for pre- and post-award interest.[2] The clerk of court issued a writ of execution on the judgment on February 1, 2017.[3] The parties disagree over whether Bhang has paid anything under the judgment. It is undisputed, however, and it is the driving force

---

[1] ECF Nos. 52, 55. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] ECF No. 55 at 2–3 (¶¶ 4–5, 11). The judgment contained other specifics that need not be reviewed here. Suffice it to say that the whole judgment remains in effect.

[3] ECF No. 56.

ORDER – No. 14-cv-03630-LB

beneath the parties' present disagreement, that the vast bulk of the judgment remains unpaid. Mentor now moves the court to appoint a receiver to run Bhang. It argues, in sum, that Bhang is purposely letting its business waste, is failing to collect amounts that it is owed, and has fraudulently transferred assets, in order to avoid paying the judgment.[4] This motion can be decided without oral argument. *See* Civil L.R. 7-1(b).

The court denies Mentor's motion to appoint a receiver. Mentor has not made a showing sufficient to justify that "extreme" remedy. The court is nevertheless concerned about the efficacy of its judgment. It believes that it may be appropriate to enter an assignment order under California Code of Civil Procedure §§ 708.510–.560. That order would directly assign to Mentor whatever of Bhang's assets (such as rights to licensing fees) may be needed to satisfy the judgment. The court orders the parties to confer and, as necessary, to file a motion to facilitate that assignment. For now, the court orders Bhang not to assign or otherwise dispose of any property (tangible or intangible) that may be used to satisfy the judgment until this court has fully considered whether to enter an assignment order. The court's order is more fully described below.

## ANALYSIS

### 1. The Court Will Not Appoint a Receiver

The court looks to the law of California regarding the appointment of a receiver in these circumstances. *See Office Depot, Inc. v. Zuccarini*, 596 F.3d 696, 700–01 (9th Cir. 2010) (discussing Fed. R. Civ. P. 66, 69(a)). The California Code of Civil Procedure provides the starting point: "A receiver may be appointed by the court in which an action or proceeding is pending, or by a judge thereof, in the following cases: . . . After judgment, to carry the judgment into effect." Cal. Code Civ. Proc. § 564(b)(3). The California procedural law then provides some initial determinative grounds for appointing a receiver "in aid of the execution of a judgment in California state courts." *See Zuccarini*, 596 F.3d at 701. Section 708.620 of the state's procedural code provides:

---

[4] *See generally* ECF No. 57 (motion).

> The court may appoint a receiver to enforce the judgment where the judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment.

*Id.* (quoting Cal. Code Civ. Proc. § 708.620). "The power of a court to appoint a receiver is a delicate one, and is to be exercised with caution lest injury be done to the parties and their properties." *Cohen v. Herbert*, 186 Cal. App. 2d 488, 495 (1960) (citing *Dabney Oil Co. v. Providence Oil Co.*, 22 Cal. App. 233, 238–39 (1913)).

The Ninth Circuit too has elaborated principles and considerations in this area. That court has explained that appointing a receiver is "an extraordinary remedy" that "should be applied with caution." *Canada Life Ass. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). "The remedy is an extraordinary and harsh one," moreover, "to be allowed cautiously and only where less onerous remedies would be inadequate or unavailable." *Id.* at 845 (citing *Alhambra-etc. Mines v. Alhambra G. Mine Corp.*, 116 Cal. App. 2d 869, 872 (1953)). "[T]here is no precise formula" for deciding whether to appoint a receiver. *Id.* The district court instead "may consider a host of relevant factors" in making this decision, and "no one factor is dispositive." *Id.* For example, the Ninth Circuit has identified the following considerations:

(1) whether [the party] seeking the appointment has a valid claim;
(2) whether there is fraudulent conduct or the probability of fraudulent conduct, by the defendant;
(3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered;
(4) whether legal remedies are inadequate;
(5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment;
(6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and,
(7) whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership.

*Id.* at 844 (quotations omitted).

Taking all these considerations into view, the court holds that Mentor has not justified imposing the "extraordinary" and "harsh" remedy of a receivership. The plaintiff has not adequately shown that Bhang is fraudulently manipulating assets (by transfer or purposeful waste) to avoid judgment. It has not shown that it would derive a benefit from receivership that "would

ORDER – No. 14-cv-03630-LB 3

outweigh [the] injury" that would likely be done to Bhang. Maybe most important, at this stage, Mentor has not shown that no other remedy would yield a satisfaction of its judgment. The court thus denies Mentor's motion to appoint a receiver.

The parties mutually object to each other's evidentiary declarations. The court has reviewed the declarations and the objections but sees no need to resolve the evidentiary questions at this point. Even accepting both sides' proffered evidence — indeed, even under Mentor's narrative — the court would not appoint a receiver. A less extreme solution may yet prove sufficient. Which leads to our last point.

**2. Assignment: Stipulated or Court-Ordered**

It is nonetheless important that this court's judgment be enforced. It is important that Bhang satisfy Mentor's award. A limited assignment of Bhang's property rights may get us there. Bhang has offered to make such an assignment. In opposing the receivership motion, Bhang writes:

> Bhang is willing to resolve this issue by assigning to Mentor the rights to collect license fees from Bhang's licensees, up to the full amount owed under the Judgment. Bhang is drafting and will submit to the Court prior to the hearing on the Motion a proposed form of Assignment. Bhang is willing to make any reasonable modifications requested by the Court or by Mentor.[5]

The court, too, had struck upon this option. A judicial assignment order could take one of two forms. The court could order Bhang to assign to Mentor property rights sufficient to pay the judgment. *See generally* Cal. Code of Civ. Proc. §§ 708.510–560.[6] Alternatively, under California law, it "seems clear" that the court could itself directly assign Bhang's property rights to Mentor up to the amount that is owed under the judgment. A. Ahart, *California Practice Guide: Enforcing Judgments and Debts* ¶ 6:1422.6 (2017) ("clear") (citing *In re Advanced Biomedical, Inc.*, 547

---

[5] ECF No. 60 at 12; *accord id.* at 14 ("To the extent that Mentor argues that the ability to collect license fees is being impaired, that problem will be solved by Bhang's proposed Assignment of its rights to collect payments under the license agreements.").

[6] California law would govern any assignment order. The relevant federal rule states: "The procedure on execution — *and in proceedings supplementary to and in aid of judgment or execution* — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a) (emphasis added). The court has been directed to no federal statute on this point that would override California law.

ORDER – No. 14-cv-03630-LB   4

B.R. 337, 340–42 (Bankr. E.D. Cal. 2016) (discussing in turn *Weingarten Realty Investors v. Chiang*, 212 Cal. App. 4th 163 (2012)).[7] The court is inclined to prefer the latter, more direct option. Any assignment would include, among other things, the right to be paid licensing fees. *See* Cal. Code Civ. Proc. § 701.510(a) and cmt. (assignable property includes, "but [is] not limited to," "Royalties," "Payments due from a patent or copyright," "accounts receivable," "general intangibles").

A noticed motion is necessary before the court can enter an assignment order. *See* Cal. Code Civ. Proc. § 708.510(a)–(b). The court thus directs the parties to meet and confer on the proper scope and targets of an assignment. They may then enter a stipulated motion for an assignment order under the appropriate California statutes. If they cannot fully agree on the contents of that order, then Mentor may move for an assignment order, and the parties may hash out their points of disagreement through the usual route of motion, opposition, and reply.

The court appreciates Bhang's cooperativeness in proposing an assignment. To help ensure that the execution process runs smoothly from this point on, though, and under its inherent power to ensure that its judgments are enforced, the court now enters the following interim order, which is effective immediately:

> Bhang must take no act to assign or otherwise dispose of property rights that may be used to satisfy a significant part of the outstanding judgment and which are thus likely to be the target of any judicial assignment. Any such act will violate this order and may be deemed contempt of court.
>
> This order does not bar Bhang from disposing of insignificant amounts of property in the ordinary course of running its business.
>
> Bhang must take no action to impede Mentor's ability to collect on the judgment.

*See, e.g., Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) ("[T]here is no question" that a federal court has the "inherent power to enforce its judgments.") (citing, *inter alia*, *Shillitani v. United States,* 384 U.S. 364, 370 (1966)); *see also* Cal. Code Civ. Proc. § 708.520(a) (judgment creditor may apply for order restraining the disposition of property sought to be

---

[7] *Weingarten* was superseded by statute on other grounds. *See Casiopea Bovet, LLC v. Chiang,* 12 Cal. App. 5th 656, 662 n. 2 (2017).

ORDER – No. 14-cv-03630-LB 5

assigned).

## CONCLUSION

The court denies Mentor's motion to appoint a receiver. The court orders the parties to meet and confer, as described above, concerning an appropriate assignment — and then to file whatever motion may be appropriate. The court also bars Bhang from assigning or otherwise disposing of significant property that may be assigned to satisfy the judgment, as described above.

This disposes of ECF No. 57.

**IT IS SO ORDERED.**

Dated: August 4, 2017

LAUREL BEELER
United States Magistrate Judge