PAUL DAVID MAROTTA (State Bar No. 111812)
MEGAN JEANNE (State Bar No. 251294)
THE CORPORATE LAW GROUP
1342 ROLLINS ROAD
BURLINGAME, CA 94010
Telephone:	(650) 227-8000
Facsimile:	(650) 227-8001
paul@tclg.com
megan@tclg.com

Attorneys for Plaintiff
MENTOR CAPITAL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENTOR CAPITAL, INC., <br><br> Plaintiff. <br><br> v. <br><br> BHANG CHOCOLATE COMPANY, INC., a Nevada corporation and BHANG CORPORATION, a Nevada corporation, <br><br> Defendants. | Civil Action No. 3:14-cv-03630-LB <br><br> **MENTOR CAPITAL, INC.'S MOTION FOR ASSIGNMENT OF LICENSING RIGHTS OR, IN THE ALTERNATIVE, FOR A RECEIVER** <br><br> Date: October 26, 2017 <br> Time: 9:30 a.m. <br> Courtroom: C |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on October 26, 2017 at 9:30 a.m. or as soon thereafter as counsel may be heard by the above entitled court, Courtroom C, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Mentor Capital, Inc. ("<u>Mentor</u>") will and hereby does move the court, pursuant to California Civil Procedure Code Section 708.510-560, to order an assignment of all Bhang's licenses and licensing rights to Mentor including collecting payments owed by licensees, enforcing licensed trademark rights, enforcing license agreements, and entering into new license agreements.

In the alternative, Mentor asks that a receiver be appointed.

This motion is based upon this Notice of Motion and Motion; the accompanying

memorandum of points and authorities in support of this motion; the judgment entered in this matter on December 29, 2016; the August 4, 2017 order of this court; the supporting declaration of Paul Marotta filed herewith; all pleadings and papers on file in this action, and upon such other matters as may be presented to the court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In its August 4th order (the "Order") the court noted that Bhang represented that:

> "Bhang is willing to resolves this issue by assigning to Mentor the rights to collect license fees from Bhang's licensees, up to the full amount owed under the Judgment. Bhang is drafting and will submit to the Court prior to the hearing on the Motion a proposed form of Assignment. Bhang is willing to make any reasonable modification requested by the Court or by Mentor."

The court adopted Bhang's proposal and noted that, "That order would directly assign to Mentor whatever of Bhang's assets (such as rights to licensing fees) may be needed to satisfy the judgment," and that, "the court orders the parties to confer and, as necessary, to file a motion to facilitate that assignment."[1]

The Order's conclusion reiterated that, "The court orders the parties to meet and confer, as described above, concerning an appropriate assignment – and then to file whatever motion may be required."[2]

### II.   STATEMENT OF FACTS

Following the court's ruling Mentor's counsel waited to receive a draft of the promised assignment. When none had been received as of the previously scheduled hearing date, August 10, Mentor sent Bhang an email asking Bhang's counsel to, "Please forward to us the proposed form of Assignment you told the court you were drafting and would submit before 9:30 today, so that we can meet and confer regarding the same. Thanks in advance." [Declaration of Paul David Marotta ("Marotta Decl.") ¶¶7-8, Ex. A].

Bhang's counsel wrote back asking about having a call, and saying that, "We will circulate a draft [assignment] prior to [the call]." But Mentor wanted the form of assignment being proposed

---

[1] Order, page 2, lines 9-12.

[2] Order, page 6, lines 4-6.

- 2 -

**MENTOR CAPITAL, INC.'S MOTION FOR ASSIGNMENT OF LICENSING RIGHTS OR, IN THE ALTERNATIVE, FOR A RECEIVER – 3:14-cv-03630-LB**

so that that was something concrete to discuss and asked counsel to, "Send the draft. Let me take a look. Then we'll schedule something." [Marotta Decl. ¶¶9-10, Ex. A].

Three weeks later, on September 1, 2017 Mentor's counsel received an email from Bhang's counsel therein stating that, "We are working on the assignment documents of the delinquent Bhang licenses, and expect to be sending them over in the near future." [Marotta Decl. ¶13, Ex. B].

Mentor responded that day, writing that, "Thanks Larry for working on the assignment. We look forward to finally being able to review what was promised." [Marotta Decl. ¶14, Ex. B].

Bhang's counsel also raised some issues with regard to an assignment in the September 1 email. Mentor responded to all of the issues raised. To the date of this Motion, Mentor has never received the draft assignment promised by Bhang. [Marotta Decl. ¶¶16, 18].

### III.   ARGUMENT

#### A.   The Promised Assignment.

Despite Bhang dangling the promise of a draft assignment in its Receiver Motion Opposition, Mentor has never received such draft, despite asking for it. Bhang said such a draft would be ready by August 10th, yet none was provided then or in the month since.

If an assignment is to be ordered, it cannot be limited only to delinquent licensees. With such limitation Mentor will never be paid its judgment. For any assignment to offer the possibility that Mentor is paid in full what it is owed it will have to be (i) assignment of all of Bhang's licenses and licensing rights, (ii) including the rights to collect payments owed by licensees, enforcing licensed trademark rights, and enforcing license agreements, as well as (iii) the right to enter into new license agreements. And Mentor will have to be reimbursed all of its expenses incurred in connection therewith.

Most importantly, Bhang's biggest opportunities may include new licenses, such as for California's recreational cannabis market, due to emerge in 2018. Any assignment needs to include these, the most lucrative part of Bhang's licensing activities, for Mentor to have a chance at fully collecting its judgment. An assignment of only one or two licenses with long delinquent licensees will not get Mentor paid.

#### B.   Assignment Mechanics.

- 3 -

**MENTOR CAPITAL, INC.'S MOTION FOR ASSIGNMENT OF LICENSING RIGHTS OR, IN THE ALTERNATIVE, FOR A RECEIVER – 3:14-cv-03630-LB**

Even then, Mentor questions how such an assignment would be accomplished. Just a few of Mentor's questions are listed below.

1. Under the assignment, will Bhang still be responsible for performing the obligations of the licensor, such as helping with processes and providing vape hardware and trademark branded packaging? What does Mentor do if the licensees need labels from Bhang and Bhang does not perform?

2. If Mentor is forced to file suit against a delinquent licensee, will the costs of prosecuting that action be included in Mentor's judgment? Bhang may be offering Mentor litigation craters rather than cash.

3. What is Mentor supposed to do if the licensee asserts Mentor's collection activities as a breach [by Bhang] of the license agreement as some have claimed? Mentor would have to step into Bhang's shoes unable to fix the license agreement, itself breached by Bhang's total failure to pay Mentor.

4. What is Mentor supposed to do if the current licensees terminate their licenses due to some breach on the part of Bhang or as a result of Mentor's collection efforts (which some appear to have done)? Does Mentor have the right to step into Bhang's shoes to enforce the license agreement or recover amounts owed to Bhang? If all of the licensees terminate their agreements and Mentor is not allowed to grant new licenses, the assignment order is worthless and Mentor is returned to its original position of being unable to enforce its judgment.

Mentor will face all of these problems and more even if it does receive the promised assignment.

C. <u>A Receiver May Be a Better Alternative.</u>

This is not a motion for reconsideration, but having tried the path of the promised assignment and finding it unfledged, illusory, and likely unworkable, Mentor renews its request for a receiver.

If Bhang were at all serious about paying the judgment it had another month and did nothing. If Bhang were serious about the promised assignment it would have had a draft ready to discuss August 10, 2017 as it promised. It did not. Mentor asserts that Bhang has no intention of ever paying the judgment against it. It stalls and delays while it continues surreptitiously selling its products.

- 4 -

**MENTOR CAPITAL, INC.'S MOTION FOR ASSIGNMENT OF LICENSING RIGHTS OR, IN THE ALTERNATIVE, FOR A RECEIVER – 3:14-cv-03630-LB**

Mentor points out that neither *Canada Life Assur. Co. v. LaPeter,* 563 F. 3d 837 (9th Cir. 2009), nor *Cohen v. Herbert,* 186 Cal. App. 2d 488 (1960) concerned appointment of a receiver where a judgment had already been entered.  We are not at the beginning of this case and some of the caution regarding appointment of a receiver may be dispensed.  Here Mentor has been diligently trying to collect its judgment against Bhang for several months.

### IV.   CONCLUSION

The promised assignment never materialized, is likely unworkable for several reasons, and will not get Mentor paid.  Nonetheless Mentor is willing to give it a try if the assignment is an order assigning, "all of Bhang's licenses and licensing rights, including collecting payments owed by licensees, enforcing licensed trademark rights, and enforcing license agreements, as well as entering into new license agreements," and also includes an order that, "any and all costs, legal fees, costs of performing license agreements and other expenses will be added to Mentor's judgment."

In the alternative, Mentor renews its request for appointment of a receiver.

**Respectfully submitted,**

**Dated:  September 18, 2017**         **THE CORPORATE LAW GROUP**


**By:   /Megan Jeanne/**
**Megan Jeanne**
**Attorneys for Plaintiff Mentor Capital, Inc.**

**MENTOR CAPITAL, INC.'S MOTION FOR ASSIGNMENT OF LICENSING RIGHTS OR, IN THE ALTERNATIVE, FOR A RECEIVER – 3:14-cv-03630-LB**

# **CERTIFICATE OF SERVICE**

I, Megan Jeanne, counsel for the above-named Plaintiff, hereby certify that the foregoing was filed via this Court's Electronic Case Filing system, which will cause a copy of the this filing to be forwarded to all counsel of record.

I declare under penalty of perjury under the laws of the United States and State of California that the above is true and correct.  Executed on September 18, 2017 at Burlingame, California.

/s/ Megan Jeanne
Megan Jeanne, Esquire