1  LAWRENCE J. HILTON (State Bar No. 156524)
   lhilton@onellp.com
2  **ONE LLP**
   4000 MacArthur Boulevard
3  East Tower, Suite 500
   Newport Beach, CA 92660
4  Telephone: (949) 502-2870
   Facsimile: (949) 258-5081
5
   JOANNA ARDALAN (Bar No. 285384)
6  jardalan@onellp.com
   **ONE LLP**
7  9301 Wilshire Blvd.
   Penthouse Suite
8  Beverly Hills, California 90210
   Telephone: (310) 437-8665
9  Facsimile:  (310) 943-2085

10 Attorneys for Defendants
   Bhang Corporation and
11 Bhang Chocolate Company, Inc.

12                    **UNITED STATES DISTRICT COURT**

13              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14 | MENTOR CAPITAL, INC | Case No. 3:14-cv-03630-LB |
15 |     Plaintiff.      |                           |
                  v.
16 | BHANG CHOCOLATE COMPANY, | **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN IN SUPPORT OF DEFENDANTS' MOTION TO DEPOSIT FUNDS AND STOCK CERTIFICATES WITH THE COURT PURSUANT TO FEDERAL RULE 67** |
17 | INC., a Nevada corporation and BHANG CORPORATION, a Nevada |
18 | corporation, |
19 |     Defendants. |
20 | | Date:    November 9. 2017
       Time:    9:30 a.m.
21 |   Courtroom: C |

1
**MOTION TO DEPOSIT FUNDS - CASE NO. 3:14-CV-03630-LB**

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants Bhang Chocolate Company, Inc., and Bhang Corporation (collectively, "Bhang"), respectfully move this Court for an order under Federal Rule 67 permitting them to deposit (1) the sum of $2,040,000 into the Court registry to satisfy in full the Judgment entered on December 29, 2016; and (2) Van Rixel Family Trust's and Richard Seller's stock shares in Mentor, which Mentor is required to repurchase under the terms of the Judgment.

This Motion is made under Federal Rule of Civil Procedure 67 on the grounds that the deposit is necessary to ensure the judgment is satisfied by both Bhang and Mentor. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file in this case, and such other oral and documentary matters as may be presented by the parties.

Dated: October 2, 2017  **ONE LLP**

By: /s/ Joanna Ardalan
Lawrence J. Hilton
Joanna Ardalan
Attorneys for Defendants
Bhang Corporation and
Bhang Chocolate Company, Inc.

## I.    INTRODUCTION.

Defendants Bhang Chocolate Company, Inc., and Bhang Corporation (collectively, "Bhang") seek an order under Federal Rule 67 permitting them to deposit (1) the sum of $2,040,000 into the Court registry to satisfy in full the Judgment entered on December 29, 2016; and (2) Van Rixel Family Trust's and Richard Seller's stock shares in Mentor, which Mentor is required to repurchase under the terms of the Judgment.[1]

The relief is necessary for at least three reasons:

Mentor Capital, Inc. ("Mentor") has been attempting to levy and collect on an inflated judgment amount, having unilaterally added more than $36,000 in purported "recoverable costs" to unsigned writs of execution that it has served on third-parties. Mentor has claimed these "costs" with no notice whatsoever to either this Court or to Bhang, much less complied with California Civil Procedure Code Section 685.070, which requires that the judgment creditor file a memorandum of costs for which it may be entitled with respect to enforcing a judgment.  These improper attempts to collect more than Mentor is owed are more than sufficient to support the requested relief.

Moreover, given Mentor's prior conduct Bhang is concerned that Mentor will not comply with its own obligations under the Judgment.  These obligations include Mentor's obligation to pay the Van Rixel Family Trust and Richard Seller's for the Mentor shares they purchased, which the Judgment requires Mentor to repurchase. Bhang's concern that Mentor will not comply with its own obligations stems from Mentor's failure to secure financing to honor its obligations under the Cooperative Funding Agreement in which it paid only $1.5 of the $39 million it contractually promised to pay to Bhang. *See* Partial Award (Dkt. No. 49-1, Exh. C at 2:20-3:05).

---

[1] Bhang does not agree that the judgment amount was properly calculated by Mentor. However, in an abundance of caution, it overfunded the escrow account to ensure the judgment will be satisfied by Bhang.

3

**MOTION TO DEPOSIT FUNDS - CASE NO. 3:14-CV-03630-LB**

Additionally, Mentor's conduct also raises serious questions about whether it will continue to attempt to retain more than it is owed and is proper with respect to Bhang's trademarks. Mentor improperly assigned nine of Bhang's trademarks to itself, without any assent from Bhang, and contrary to *Peterson v. Sheriff of City & Cnty of San Francisco,* 115 Cal. 211, 213 (1896), and those trademarks must be returned to Bhang.

All of these issues require the Court's involvement, and the deposit of the settlement funds into the Court's registry, contingent on certain specified conditions which are consistent with the judgement, is therefore necessary.

## II.     FACTUAL BACKGROUND.

### A.     Obligations under the Judgment

Mentor has approached this matter as if it is the prevailing party and all obligations flow one way.  The judgment entered in this Court on December 29, 2016, Paragraph 16, makes clear that "no party was a prevailing party in this action."  (Dkt. No. 55, at ¶ 16.)  Contrary to Mentor's approach, Mentor has outstanding obligations under the same judgment to return payment to the Van Rixel Family Trust and to Richard Sellers, including pre-award interest, in exchange for the Van Rixel Family Trust's and Richard Seller's return of certain Mentor common stock.

Paragraph 9 of the Judgment provides:

> 9.     The Van Rixel Family Trust shall return the 105,000 shares of Mentor stock purchased from Mentor, represented by stock certificates C-3092, C-3093, C-3094, and C-3095, within one year of the date of this judgment with the backs of each stock certificate completed for transfer, in exchange for payment by Mentor of $257,311.85 if all 105,000 shares are returned. To the extent that cannot be done for any reason, the amounts Mentor is to pay to the Van Rixel Family Trust should be reduced, pro rata.

1  (Dkt. No. 55, at ¶ 9.)

2  Paragraph 10 of the Judgment provides:

3      10.   Richard Sellers shall return the 12,000 shares of Mentor Stock
4           purchased from Mentor, represented by stock certificate C-3061 within
5           one year of the date of this judgment with the back of the stock certificate
6           completed for transfer, in exchange for payment by Mentor of
7           $29,407.07.

8  (Dkt. No. 55, at ¶ 10.)

9      In February 2017, Mentor obtained a writ that provided for $0 in
10 recoverable costs, yet Mentor somehow inserts $36,576.65 into the unsigned
11 writ as a "recoverable costs" and serves it on third parties. *See* Ardalan
12 Declaration ("Ardalan Decl."), Ex. A-C. Mentor even served such an inflated
13 writ to, at least, One LLP, Bhang's counsel, on August 10, 2017. *Id.* Mentor
14 never gave notice to the Court or to Bhang of these costs, and unilaterally added
15 the costs on its own accord.

16     By way of this motion, the Van Rixel Family Trust stipulates to, *inter alia*,
17 deposit 105,000 shares and Richard Sellers stipulates to deposit 12,000 shares of
18 stock purchased from Mentor, pursuant to the judgment. *See* Declaration of Scott
19 Van Rixel ("Rixel Decl."), ¶ 3; Declaration Richard Sellers ("Sellers Decl."), ¶ 2.
20 This would ensure that the parties receive the appropriate payment from Mentor,
21 and would preclude Mentor from exercising levies to recover more than what it is
22 entitled to. Should the Court not grant this motion, Bhang is concerned that it will
23 pay the judgment without Mentor fulfilling its obligations under this Order to pay
24 the Van Rixel Family Trust and Richard Sellers, including the exchange of payment,
25 with post-judgment interest, for the shares.

26

27

28

5
**MOTION TO DEPOSIT FUNDS - CASE NO. 3:14-CV-03630-LB**

### B. Mentor's Improper and Unilateral Assignment of Bhang's Trademarks

Bhang's trademarks signify significant goodwill to its customers and licensees, which is reflected in the Partial Award dated July 15, 2016. *See* Partial Award (Dkt. No. 49-1, Exh. C at 2:4-9; 18:4-9). In Paragraph 4 of the Partial Award, dated July 15, 2016, the arbitrator granted Bhang's injunction requiring Mentor to remove Bhang's trademarks from its website and prohibiting Mentor from suggesting ownership of the same. *Id.,* at 13:6-10, 29:6-10. ("Bhang is entitled to an injunction requiring Mentor to immediately remove from its website Bhang's trademark and prohibiting Mentor from making any description suggestion that Mentor owns any part of Bhang or is affiliated with Bhang in any way.")

Despite the language in the Partial Award and the absence of any language to the contrary in the Judgment, Mentor unilaterally and improperly "assigned" Bhang's trademarks to itself. Ardalan Decl., ¶ 3. On February 21, 2017, Mentor submitted to the United States Patent and Trademark Office, a "Trademark Assignment Cover Sheet" for a submission type classified as a "New Assignment." *See* Declaration of Robb Baker in Opposition to Plaintiff's Motion to Appoint a Receiver (Dkt. No. 60-4), at ¶¶ 8-10. The unilateral assignments are particularly damaging given that Bhang's business model, which relies solely on its ability to license its trademarks, and given that Bhang's ability to raise capital to pay the Judgement to Mentor, has been continually undermined and obstructed by Mentor's improper assignment since February, 2017. This has caused certain Bhang licensees to cease license payments on the grounds that Bhang no longer owns the trademarks. *See* Declaration of Scott Van Rixel in Opposition to Plaintiff's Motion to Appoint a Receiver ("Van Rixel Decl. Opp.") (Dkt. 60-6), ¶ 11-14. Mentor's improper, unlawful "assignment" of Bhang's trademarks has directly affected Bhang's ability to pay this Judgment, making it more expensive for Bhang to secure financing for

the same, all the while the Judgment accrues interest. Van Rixel Decl. Opp., ¶ 11-14.

Bhang's motion, if granted, would give assurances to Bhang that its trademark registrations would be rectified by and through ordering Mentor to correct the registrations. When approached even within the last four weeks, Mentor has refused to rectify the trademark assignments, further delaying Bhang's ability to raise capital. Ardalan Decl., Ex. D.

### III. BHANG SHOULD BE PERMITTED TO DEPOSIT THE FULL AMOUNT OF THE JUDGMENT AND THE MENTOR SHARES WITH THE COURT.

An order allowing Bhang to deposit funds into the Court registry is appropriate in this case pursuant to Federal Rule 67. "If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party — on notice to every other party and by leave of court — may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1148 n.8 (9th Cir. 2016) (quoting Fed. R. Civ. P 67).

Whether Rule 67 relief should be available in any particular case is a matter committed to the sound discretion of the district court. *Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990). A Rule 67 deposit is appropriate for purposes of satisfying a judgment, including a judgment entered on an arbitration award. *Id*. (after judgment entered on arbitration award, Rule 67 deposit allowed to protect judgment debtor from improper conduct by creditor).

#### A. A Deposit of Funds Is Necessary to Ensure that Mentor Does Not Collect More than what It Is Owed

Mentor has not requested costs by and through filing a memorandum of costs as per the Code, but merely unilaterally tacked on costs without notice to the Court

or to Bhang. *See* CCP § 685.070 (A judgment creditor claiming costs shall file with the court and serve on the judgment debtor a Memorandum of Costs); Ardalan Decl., Ex. B. By doing so, it has failed to comply with Section 685.070, while denying Bhang the opportunity to examine the costs and object to the same. Even more significantly, it has sidestepped the Court's ultimate decision as to which costs are appropriate or not. Mentor cannot claim costs at its own whim.

Mentor has served the writs to third parties, including to One LLP, that represent it is entitled to over $36,000 in costs, as if the Court had granted those costs. Ardalan Decl., Ex. A-C. At a minimum, if Mentor later files a memorandum of costs and is allowed to claim costs of collection, it should be required to reimburse Bhang for the costs of preparing this Motion, which was prepared and filed in direct response to Mentor improper and overreaching collection efforts.

The deposit of the funds required for judgment under Rule 67 would control Mentor's collection efforts and representations and avoid its improper attempts to collect more than it is entitled to.

### B.     A Deposit of Funds Is Necessary to Ensure that Mentor Complies with Its Obligations Under the Judgment.

As discussed, *supra,* the judgment provides that Mentor has outstanding obligations to return payment to the Van Rixel Family Trust and to Richard Sellers, including pre-award interest, in exchange for the Van Rixel Family Trust's and Richard Seller's return of certain Mentor common stock.   Dkt. No. 55, at ¶ 9. This Rule 67 deposit is necessary to protect Bhang, the Van Rixel Family Trust, and Richard Sellers from transferring the stocks to Mentor and satisfying its obligations under the judgment with no reciprocation.

Moreover, Bhang's trademarks are still improperly "assigned" to Mentor, without Mentor having ever received Bhang's assent for the same and the aforementioned improper procedure. The trademarks must be unencumbered and must be solely held by Bhang for it to continue its normal course of business, which

largely involves licensing its trademarks.[2] The Rule 67 deposit will ensure Mentor fulfills this obligation.[3]

### C. Disbursement of the Funds Should be Limited to What Mentor is Actually Owed and Conditioned on Mentor's Compliance with Its Obligations under the Judgment.

Bhang is prepared to meet all of its obligations and deposit the money and stocks with the Court. As such, Bhang requests that the following conditions be required for the payment and stocks to be disbursed to Mentor:

1. Mentor must provide evidence that it has paid the Van Rixel Family Trust and Richard Sellers for its/his shares;
2. Mentor must provide evidence that it has restored all of Bhang's trademarks to Bhang, including any formalities required for the same, without lien or encumbrance;
3. Mentor must provide evidence of all amounts it collected relating to this action through levies, including all sources of payments and dates the payments were received;
4. Mentor must provide evidence that is has ceased all levies and collection efforts, including withdrawal of any instructions to US Marshall, and to any Bhang Licensees, and to any other persons or entities that it has sent Levy's or made attachments.

---

[2] Mentor represents that there is a "lien" on the trademarks. *See* Ardalan Decl., Ex. D.

[3] Notwithstanding the foregoing, Mentor cannot attach Bhang's intellectual property to a money judgment. The proper route, which Mentor did not take, would be to petition the Court for a receiver to attach the trademarks, and sell them at auction, and give the proceeds to the judgement creditor. *See Yufa v. TSI Incorporated,* 09-cv-01315-KAW, 2016 WL 8929244 (N.D. Cal. 2016).

### D. Should Mentor Not Fulfill Its Obligations, the Funds Should Be Returned to Bhang's Third-Party Investor Via Escrow

The funds at issue in this motion are earmarked by a third-party investor for the sole purpose of satisfying judgment. Rixel Decl., ¶ 2. The investor put funds into escrow which are more than sufficient to satisfy the judgment. *Id.* As such, should the Court grant the motion, but should Mentor fail to satisfy the conditions as set forth herein, within 90 days, the funds should be returned to the investor, via escrow, not to Bhang, and the share certificates to the Van Rixel Family Trust and Richard Sellers should be returned to their attorney, Boyd Jentzsch. *Id.*

Moreover, to the extent the Court's deposit is in excess of the amount needed to satisfy judgment, the funds should also be released to the investor. Because Bhang believes Mentor is inflating the interest accrued in the judgment, Bhang will be required to file further briefing regarding the interest award, which should be decided prior to the Court's release of funds to Mentor.

## V. CONCLUSION.

For all the foregoing reasons, Bhang respectfully requests that the Court grant this motion to deposit funds and stocks with the Court. Further, Bhang requests that the following conditions be required for the payment and stocks to be disbursed to Mentor:

1. Mentor must provide evidence that it has paid the Van Rixel Family Trust and Richard Sellers for its/his shares;
2. Mentor must provide evidence that it has restored all of Bhang's trademarks to Bhang, including any formalities required for the same, without any lien or encumbrance;
3. Mentor must provide evidence of all amounts it collected relating to this action through levies, including all sources of payments and dates the payments were received;

4.  Mentor must provide evidence that is has ceased all levies and collection efforts, including withdrawal of any instructions to US Marshall, and to any Bhang Licensees, and to any other persons or entities that it has sent Levy's or made attachments;

Further, should Mentor not satisfy its obligations within 90 days, or if the Court receives more funds than necessary to satisfy judgment, the remaining funds should be transferred to the third-party investor.

Dated:  October 2, 2017                                         **ONE LLP**


                                                                By:  /s/ Joanna Ardalan
                                                                     Lawrence J. Hilton
                                                                     Joanna Ardalan
                                                                     Attorneys for Defendants
                                                                     Bhang Corporation and
                                                                     Bhang Chocolate Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2017, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

                By: /s/ Joanna Ardalan
                    Joanna Ardalan